**FILED**

JUN 27 2023

LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CIVIL DIVISION
CHICKASAWBA DISTRICT

STEVEN WILLIAMS                                                                PLAINTIFF

vs.                         CASE NO.: 47BCV-23-220 (SM)

BRAYDEN OSBORNE,
and SISBRO MANAGEMENT, LLC                                  DEFENDANTS

## COMPLAINT

COMES NOW Plaintiff, Steven Williams, by and through his attorney, Christopher L. Yarbro, of Kennedy, Kennedy, Robbins & Yarbro, LC, and for his cause of action against Defendants Brayden Osborne and SISBRO Management, LLC, states as follows:

1. Plaintiff is a resident of the State of Missouri, currently residing in Caruthersville, Missouri.

2. Defendant Brayden Osborne (Brayden) is a resident of the State of Tennessee, and is believed to now reside at 2716 Apple Cross Ct., Murfreesboro, Tennessee.

3. Defendant SISBRO Management, LLC, (SISBRO) is a Tennessee limited liability company, without a registered agent in the State of Arkansas. SISBRO's Tennessee registered agent is Darren Sells, STE M, 575 Mall Blvd, Dyersburg, Tennessee.

4. On May 12, 2022, at or about 5:40 p.m., Plaintiff was operating a 2005 Ford F150 pickup in a northerly direction on Interstate 55.

5. On May 12, 2022, at or about 5:40 p.m., Brayden was operating a 2000 Chevrolet G-series van, owned by SISBRO, in a northerly direction on Interstate 55.

6. On May 12, 2022, at or about 5:40 p.m., Brayden's vehicle collided with the rear-end of Plaintiff's vehicle at the 56 mile-marker west of Burdette, in Mississippi County, Arkansas.

7. As the activity and occurrence that gives rise to this action occurred in the State of Arkansas, and as Defendants continuously and systematically transact business in the State of Arkansas in connection with SISBRO'S affiliated fast food restaurant chains, this Court has both specific and general personal jurisdiction over Defendants.

8. This Court has subject matter jurisdiction, and is a proper venue, to adjudicate Plaintiff's claims arising out of the events occurring in Mississippi County, Arkansas.

9. At all times relevant hereto, Brayden was an employee of SISBRO, was operating the Chevrolet van within the scope and course of his employ, was subject to SISBRO's right to control and direct the manner in which Brayden operated the vehicle, and was acting for SISBRO's benefit.

10. In operating the Chevrolet van, Brayden violated Arkansas statutes and otherwise failed to operate the vehicle as reasonably careful person would do, by:

   a. Failing to keep a lookout for other vehicles on the highway;

   b. Failing to keep his vehicle under control, so that it would not collide with the rear of Plaintiff's vehicle;

   c. Failing to drive a reasonable and prudent speed under the circumstances;

   d. Failing to have due regard for actual or potential hazards associated with driving through construction zones;

   e. Failing to recognize Plaintiff's superior right to use the highway;

   f. Allowing his vehicle to collide with the rear of Plaintiff's vehicle;

   g. Failing to keep a proper lookout for other traffic as required by A.C.A. § 27-51-104;

   h. Failing to keep his vehicle under proper control as required by A.C.A. § 27-51-104;

    i. Operating his vehicle too close to Plaintiff's vehicle, prohibited by A.C.A. § 27-51-104;

    j. Operating his vehicle while being inattentive, prohibited by A.C.A. § 27-51-104;

    k. Following Plaintiff's vehicle more closely than was reasonable and prudent, and without having regard for the speed of vehicles, traffic and condition of the highway, prohibited by A.C.A. § 27-51-305, and;

    l. Using a wireless telecommunication device while driving in a highway work zone, and without an attendant emergency, prohibited by A.C.A. § 27-51-1606;

11. As a direct and proximate result of Brayden's statutory violations and failure to operate the Chevrolet van as a reasonably careful person would do, Plaintiff suffered property damage to his vehicle, suffered physical injury, was caused to incur medical expenses and in the future will be caused to incur medical expenses, has suffered disability and pain and in the future will continue to suffer such disability and pain, suffered emotional distress and mental injury and in the future will continue to suffer emotional distress and mental injury, and has lost earning capacity.

12. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff prays that this Court enter its judgment for damages in his favor and against defendants, joint and several, in an amount that exceeds that required for federal diversity jurisdiction, and for any other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

KENNEDY, KENNEDY, ROBBINS & YARBRO, LC

_____
Christopher L. Yarbro #2005066
1165 Cherry Street
P. O. Box 696
Poplar Bluff, MO 63902
Telephone:   (573) 686-2459
Telefax:       (573) 686-7822
Chris@kkrylawfirm.com

ATTORNEY FOR PLAINTIFF